**CT Corporation**

**Service of Process Transmittal**
08/10/2020
CT Log Number 538064223

TO: Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

RE: **Process Served in Tennessee**

FOR: Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WANDA MORRIS, Pltf. vs. TARGET CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CT310120DIVII |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/10/2020 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/10/2020, Expected Purge Date: 08/15/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**



7019 1120 0000 8996 6010

John Micheal Bailey Injury Lawyers
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115

CT Corporation System
300 Montvue Road
Knoxville, TN 37919



## JMB
### JOHN MICHAEL BAILEY
## INJURY LAWYERS.
Licensed in Tennessee, Mississippi & Arkansas

**August 4, 2020**

CT Corporation System
300 Montvue Road
Knoxville, TN 37919

Re: Wanda Morris vs. Target Corporation
Docket No. CT-3101-20 DIV II
<u>Our File No. 2001205</u>

Dear Sir or Madam:

Enclosed, please find for service:

1. Two (2) Copies of Summons for Target Corporation.
2. One (1) Copy of the Complaint for Damages.
3. One (1) Copy of the Requests for Admissions; and
4. One (1) Copy of Interrogatories and Requests for Production of Documents.


       Please find the enclosed discovery documents for Service of Process for the Defendant Target Corporation, Inc. If you have any additional issues or inquiries regarding this matter, please see the information provided below. Thank you for your courtesy in the matter.




Respectfully submitted,

Jasmine K. Murphy
Litigation Legal Assistant for Attorney Mark A. Lambert, Esq
John Michael Bailey Injury Lawyers
5978 Knight Arnold Rd, Suite 400
Memphis, TN 38115
Phone: (901) 507-3729
Fax: (901) 529-1017
Email: <u>jasmine@calljmb.com</u>


Enclosures

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _CT-3101-20_    ● Lawsuit / ○ Divorce    Ad Damnum $ _____

| Wanda Morris | VS | Target Corporation |
|---|---|---|
| **Plaintiff(s)** | | **Defendant(s)** |

TO: (Name and Address of Defendant (One defendant per summons))

Target Corporation
Through Its Registered Agent
CT Corporation System
300 Montvue Road
Knoxville, TN 37919

**Method of Service:**
● Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **Mark A. Lambert**    **Plaintiff's**

attorney, whose address is **5978 Knight Arnold Road, Suite 400, Memphis, TN 38115**

telephone **(901) 529-1111**    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _8/3/2020_    By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341**

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_8/3_ 20_20_

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By _____, D.C.

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____

Signature of person accepting service                                    Sheriff or other authorized person to serve process

---

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                    By: _____

                                                          Sheriff or other authorized person to serve process

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CF3101-20    ● Lawsuit    ○ Divorce    Ad Damnum $ _____

| Wanda Morris | VS | Target Corporation |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Target Corporation
Through its Registered Agent
CT Corporation System
300 Montvue Road
Knoxville, TN 37919

Method of Service:
● Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Mark A. Lambert**                    Plaintiff's

attorney, whose address is **5978 Knight Arnold Road, Suite 400, Memphis, TN 38115**

telephone **(901) 529-1111**    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  8/3/2020    By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341**

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

8/3 2020

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By _____, D.C.

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                   Sheriff or other authorized person to serve process

---

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE  NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WANDA MORRIS,          F I L E D

    Plaintiff,          AUG 0 3 2020          DOCKET NO.: CT-3101-20

               CIRCUIT COURT CLERK          DIVISION: ___ II ___

v.          BY_____D.C.          JURY DEMANDED

TARGET CORPORATION,

    Defendant.

### COMPLAINT FOR DAMAGES

    **COMES NOW**, Plaintiff, Wanda Morris, by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and files this Complaint for Personal Injuries against Defendant, Target Corporation, and would respectfully state unto this Honorable Court the following, to wit:

### PARTIES

1. Plaintiff, Wanda Morris, (hereafter "Plaintiff") is an adult resident of Memphis, Shelby County, Tennessee

2. Upon information and belief, Defendant, Target Corporation (hereafter "Defendant"), is a Minnesota Corporation, whose principal address is 1000 Nicollet Mall, Minneapolis, Minnesota 55403, and may be served with process through its registered agent CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

### JURISDICTION AND VENUE

3. All events which form the basis of this Complaint for Damages are based in tort and occurred in Shelby County, Tennessee.

4. Venue is properly situated in the Court pursuant to inter alia, Tenn. Code Ann. § 29-20-308, due all or part of this cause of action arose within Shelby County, Tennessee.

5. Plaintiff is asserting a general negligence claim against the Defendants arising out or the creation of a dangerous condition and dangerous policies and procedures on the premises and failure to warn patrons.

## FACTS

6. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

7. At all times pertinent to this Complaint, Defendant owned, operated and/or controlled a retail chain store called Target, with a location at 601 Colonial Road, Memphis, Tennessee 38117 (hereafter "Store").

8. On or about August 3, 2019, Plaintiff was on the Defendant's premises as a paying customer.

9. As Plaintiff was walking in the main aisle, she suddenly and without warning, slipped and fell on a slippery substance on the floor.

10. The slippery substance on the floor created the dangerous and/or defective condition.

11. There were no warning signs or any other indications near the area where Plaintiff fell, to warn customers of the dangerous condition.

12. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer bodily injuries that required emergent and long-term care.

13. At all times relevant to this Complaint, Defendant had actual and/or constructive knowledge of the dangerous condition that caused Plaintiff to fall because the Defendant, its employees, agents, and/or assigns are responsible for the cleaning and maintenance of the Store.

14. Defendant knew, on in the course of ordinary care, should have known of the dangerous

2

condition, as Defendant's employees, agents and/or assigns are charged with maintaining the premises.

**CAUSE OF ACTION**
**NEGLIGENCE**

15. Plaintiff repeats the allegations contained in paragraphs 1-14 as though set forth verbatim.

16. The Defendant, by and through the actions and/or inactions of its employees, agents and/or assigns was negligent in its failure to adequately maintain the area where Plaintiff fell.

17. The Defendant, by and through the actions and/or inactions of its employees, agents and/or assigns was negligent in its failure to warn Plaintiff of the possibility of injury while on the premises.

18. The Defendant, by and through the actions and/or inactions of its employees, agents and/or assigns was negligent in its failure to conduct a reasonable inspection of the premises, and for failing to adhere to store policy and/or failing to institute an appropriate policy to maintain the premises in a safe manner.

19. The Defendant, by and through the actions and/or inactions of its employees, agents and/or assigns was negligent in its failure to maintain a safe environment for Plaintiff and other patrons, while at the Store.

20. Upon information and belief, Defendant had, or should have had, actual and/or constructive notice of the dangerous and/or defective condition that caused Plaintiff's injuries.

21. The Plaintiff would further state and show unto this Honorable Court the Defendant failed to take reasonable steps to remedy this dangerous condition.

22. Plaintiff would further show into the Court that Plaintiff was exercising due diligence and keeping a proper lookout around and about for her own safety, but that she could not see the dangerous condition of the floor, until the very moment that she fell.

## COMPENSATORY DAMAGES

23. The Plaintiff repeats the allegations contained in paragraphs 1-22 as though set forth herein verbatim.

24. Plaintiff charges and alleges that as a result of the negligence of the Defendant, Plaintiff suffered severe, serious and permanent injuries, including, but not limited to the following:

   a.  Injuries to her right knee and right shoulder;

   b.  Medical expenses, past, present and future;

   c.  Severe pain and suffering;

   d.  Loss of the enjoyment of life;

   e.  Injuries both temporary and permanent in nature;

   f.  Prejudgment and/or post judgement interest to the extent permitted by law; and

   g.  Severe fright and shock.

25. Plaintiff further seeks damages for personal injury, and pain and suffering, in an amount to be proven at trial from the Defendant's gross negligence.

## RELIEF SOUGHT

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Wanda Morris,  respectfully prays:

1.  That the Plaintiff be awarded the present cash value of any medical care and treatment that she has or will have to undergo;

2.  That Plaintiff be awarded special damages for medical, hospital and doctors' expenses according to proof;

3.  That Plaintiff be awarded compensatory damages in the amount of One Million and no/100ths Dollars ($1,000,000.00) in actual, and compensatory damages;

4

4. That Plaintiff be awarded post-judgement interests as allowed by law;

5. That a jury be empaneled to try the issues when joined;

6. Any and all such further relief as the Court may deem just and equitable; and

7. The reservation of Plaintiff's right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

**THE LAW OFFICES OF JOHN MICHAEL BAILEY**

Mark A. Lambert (TN 22509)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

5

**IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

WANDA MORRIS,         **FILED**

    Plaintiff,         AUG 0 3 2020         DOCKET NO.: CT3101-20

                CIRCUIT COURT CLERK         DIVISION: II

v.         BY_____D.C.         **JURY DEMANDED**

TARGET CORPORATION,

    Defendant.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT TARGET CORPORATION

**COMES NOW**, Plaintiff, Wanda Morris (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant, Target Corporation (hereafter "Defendant"), to be answered fully under oath and within the time frame prescribed by law.

### INSTRUCTIONS

1. Each Interrogatory shall be continuing so as to require you to file supplemental answers pursuant to the Tennessee Rules of Civil Procedure.

2. Each Interrogatory calls for information in the named Defendant's possession, custody or control, or in the possession, custody or control of Defendant's present or former officers, directors, employees, representatives, agents, consultants, contractors, subcontractors, and legal counsel, unless privileged or otherwise protected.

3. With respect to any information that is withheld on a claim of privilege, provide at the time of

responding to these Interrogatories, a statement signed by an attorney representing Defendant setting forth as to each such item of information withheld:

    a.  The identity of the person(s) having knowledge of the information;

    b.  The identity of all persons to whom the information was communicated or otherwise made available;

    c.  The job title or position of every person identified in response to subparagraphs (a) and (b);

    d.  The date(s) on which the information was received or became known by each person having knowledge of its existence;

    e.  A brief description of the nature and subject matter of the information; and

    f.  The statute, rule, or decision that is claimed to give rise to the privilege.

4.  Each part of the following Interrogatories, whether a numerical paragraph or one of the subparagraphs, is to be answered separately and fully.

5.  If objection is made to an Interrogatory, or any portion thereof, the Interrogatory or portion thereof shall be specified and, as to each, all reasons for objections shall be stated fully by the responding party.

6.  If all the information furnished in an answer to all or any part of an Interrogatory is not within the personal knowledge of the person signing the Interrogatory, identify each person to whom all or any part of the information furnished is a matter of personal knowledge, and each person who communicated to the person signing the Interrogatory any part of the information furnished.

7.  If the answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire

Interrogatory by supplemental answer in writing and under oath immediately after the time the answer becomes known or available.

## DEFINITIONS

As used herein:

1. "And" includes "or" and "or" includes "and"; "any" includes "all" and "all" includes "any"; "each" includes "every" and "every" includes "each".

2. "Company" or "entity" means any form of business, wherever organized, including, without limitation, any corporation, sole proprietorship, partnership (general or limited), joint venture, association, group, government agency and agent, firm or other business enterprise or legal entity which is not a natural person, and means both the singular and plural.

3. "Define" when used with reference to a phrase or term, means (a) state the meaning of the phrase or term; and (b) identify each person known by Defendant to have personal knowledge regarding the meaning of such phrase or term upon whose testimony Defendant presently intends to rely at trial.

4. "Describe" means to explain fully by reference to underlying facts rather than conclusions of fact or law.

5. "Document" means originals or any exact copies of written, recorded, transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced, reproduced, disseminated or made, including, but not limited to, any memoranda, inter-office or intra-office communications, letters, studies, reports, summaries, articles, releases, notes, records of conversation, minutes, statements, comments, speeches, testimony, notebooks, drafts, data sheets, work sheets, records, statistics, charts, contracts, diaries, bills, accounts, graphics or oral records, representations of any kind (including, without limitation, photographs, plats,

3

charts, graphs, microfiche, microfilm, video tape recordings and motion pictures), tapes, data

procession sheets or cards, computer or word processing disks, or other written, printed, typed,

aural, or recorded material in the possession, custody or control of Defendant.   The term

"document" also means all copies or reproductions of all the foregoing items upon which

notations in writing, print, or otherwise have been made that do not appear on the originals.

To the extent the data processing cards, magnetic tapes, or other computer-related materials

are produced, produce all programs, instructions, and other similarly related information

necessary to read, comprehend and otherwise utilize said data processing cards, magnetic

tapes, or other computer-related materials.

6.   "Identify", when used with reference to a natural person, means to state his or her (a) full name;
(b) present business and/or residence address and telephone numbers: (c) present business
affiliation, address, title or position; (d) if different from (c), the group, origination or business
the person was representing at any time relevant to the answer to a specific Interrogatory; and
(e) home address.  If this information is not known, furnish such information as was last known.

7.   "Identify", when used with reference to a business entity, means to state its (a) full name; (b)
form of organization (e.g., corporation, partnership); (c) place of incorporation; and (d) address
of its principal place of business.  If this information is not known, furnish such information
as was last known.

8.   "Identify", when used in reference to an act, action, activity, omission, or event, means to state
(a) the identity of each person who participated in such act, action, activity, omission, or event
in detail; and (c) the identity of each person having knowledge of the act, action, activity,
omission, or event.

9.   "Identify", when used in reference to a document, means to state (a) the type of document or

4

some other means of identifying it (e.g., letter, memorandum, report, etc.); (b) its subject matter; (c) the identity of its author(s), signer(s), and any person who participated in its preparation; (d) the identity of each addressee or recipient; (e) the identity of each person to whom copies were sent and each person by whom copies were received; (f) its title and date; and (g) its present location and the identity of its custodian (if any such document was, but is no longer in, the possession of or subject to the control of the Defendant, state what and when disposition was made of it).

10. "Identify", when used with reference to a conversation, oral communication, discussion, oral statement or interview, means (a) state the date upon which it took place; (b) identify each person who participated in it, witnessed it and/or overheard it; (c) state what was said by each such person, including the issues and matters discussed; and (d) identify each document which describes or relates to it.

11. "Individual" or "person" means any natural person, including, without limitation, an officer, director, employee, agent, representative, distributor, supplier, independent contractor, licensee or franchisee, and it includes any corporation, sole proprietorship, partnership, joint venture, group, government agency and agent, firm or other business enterprise or legal entity, which is not a natural person, and means both are singular and the plural.

12. "The parties" as used herein shall be interpreted to refer to all parties to this litigation.

13. "You" and "your" means the party answering the Interrogatory or responding to the Request for Production of Documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify yourself and all other individuals who supplied information, or otherwise consulted, in responding to these interrogatories and requests. Please include the complete name, date of birth, business address, telephone number, place of

employment, job title and duties, and a brief description of employment duties.

**INTERROGATORY NO. 2:** Identify each person who has consulted in responding to these interrogatories and identify all documents that each person reviewed in developing the responses.

**INTERROGATORY NO. 3:** Please state if the person answering these interrogatories has authority to answer on behalf of the company.

**INTERROGATORY NO. 4:** Has the company been correctly identified. If the answer is no, please state the correct name of the corporate entity.

**INTERROGATORY NO. 5:** Please state affirmatively if the Defendant is the proper party or a proper party in this lawsuit. If not, who is?

**INTERROGATORY NO. 6:** If you assert, in whole or in part, that process or service of process was insufficient, please state the complete factual basis for your denial or qualification, citing all ways in which you believe process or service of process was insufficient, and identifying all witnesses and/or documents which support such a defense.

**INTERROGATORY NO. 7:** Please give the name(s), address(s), occupation(s) of the person(s) within your company or outside your company who would have the most detailed knowledge and information concerning construction, blueprints, layouts and design, remodeling, maintenance (including regular cleaning policy and procedure). Repair, and/or safety inspection of the subject premises.

**INTERROGATORY NO. 8:** Please describe any and all warning signs, caution signs, or other means of alerting individuals to any potential risks or hazards present of the subject location as of the date of the subject incident.

**INTERROGATORY NO. 9:** Who was the manager on duty at the time of the incident, along with their address and phone number.

**INTERROGATORY NO. 10:** Please state the managers understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 11:** Please state all other employees who witnessed the incident, before, during and after along with their addresses, and phone numbers, and their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 12:** Please state any other individual not employed by Defendant, who witnessed the incident or has knowledge of incident, along with their addresses and phone numbers, and their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 13:** During the five (5) year period prior to the date of incident, had any other report or claim been made of an alleged dangerous or defective condition at the subject location? If so, for each such report or claim, please identify the claimant; the approximate date of the incident and/or claim; the alleged dangerous or defective condition; the injuries alleged to have been sustained; and the resolution of the claim.

**INTERROGATORY NO. 14:** Please state whether any previous civil or criminal court proceeding, regarding the safety of the premises at the subject location, has been filed within the past five (5) years. If so, please state the nature of the proceeding; the style of each such case; the Court in which the case was filed or heard; the attorney(s) who represented the Defendant; the disposition of each case; and the docket number.

**INTERROGATORY NO. 15:** Please identify the entities or individual(s) who investigated the incident.

**INTERROGATORY NO. 16:** Please identify the individual(s) who authored the investigative

report.

**INTERROGATORY NO. 17:** Please identify the entities or individual(s) who are in possession of the investigative report.

**INTERROGATORY NO. 18:** Please state the corporate policies for locating dangerous conditions and correcting those conditions.

**INTERROGATORY NO. 19:** Please state all corporate training policies for staff.

**INTERROGATORY NO. 20:** Please state whether there are written training materials for employees and the name of the entities or individuals who are in possession of these training materials.

**INTERROGATORY NO. 21:** Please identify all employees on duty on August 3, 2019, who had been trained pursuant to the above stated policies.

**INTERROGATORY NO. 22:** Please identify all employees on duty on August 3, 2019, who had not been trained pursuant to the above stated policies.

**INTERROGATORY NO. 23:** For each expert witness whom you intend to call as a witness at the trial of this case, please state the following specific information:

    a.  The name, home and business address, area of specialty and a full description of his/her training, education and practical experience in the field in which he or she will be offered as an expert;

    b.  The subject matter on which the expert is expected to testify;

    c.  The substance of the facts and opinions to which the expert is expected to testify; and

    d.  A summary of the ground for each such opinion.

**INTERROGATORY NO. 24:** Please list any documents, books, photographs, video tapes,

cassette recordings and/or investigation reports or other tangible items that you intend to use in the trial of this case and the name, address and telephone number of the person having possession of these such items as well as the contents of each such item and the date they were made.

**INTERROGATORY NO. 25:** Do you know of the existence of any photographs of the scene of the incident or any object or person involved in said incident sued upon? If so, please state the number of photographs, date taken, describe what they depict and state the name, address and telephone number of the person(s) taking such photographs, and the current location of such photographs.

**INTERROGATORY NO. 26:** Please state whether or not you have a copy of any statement which Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

**INTERROGATORY NO. 27:** Please describe in detail any conversations your employees, agents or representative have had with the Plaintiff or Plaintiff's representatives following the accident in question.

**INTERROGATORY NO. 28:** If any individual in response to Interrogatory No. 1 has ever testified in any judicial proceeding, whether administrative, civil or criminal, please state the general subject matter of his/her testimony; the state, county, and municipality of the Court or agency before which he/she testified; the caption or style, including docket or other identifying number of each proceeding; and the approximate day of his/her testimony.

**INTERROGATORY NO. 29:** Has the Defendant, or anyone acting on his behalf, had Plaintiff, under surveillance or made any observations concerning his activities during any period of time since the date of his injuries as noted in the Complaint, and if so please state the following:

        a.   Each date such surveillance was maintained;

b. The name, address, and job title of each investigator and/or other person who maintained such surveillance;

c. The activities in which Plaintiff was engaged during any such period of surveillance; and

d. Each location at which surveillance was maintained.

**INTERROGATORY NO. 30:** Do you assert comparative fault on the Plaintiff and identify witnesses who support that contention along with their addresses, and phone numbers.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce any and all documents or tangible evidence with was relied upon to answer the preceding Interrogatories.

**REQUEST NO. 2:** Please produce copies of all training manuals that were in effect on the date of the incident.

**REQUEST NO. 3:** Please produce copies of all inspection logs for the date of the incident.

**REQUEST NO. 4:** Please produce a copy of the incident report and any subsequent investigative report made regarding the incident in question.

**REQUEST NO. 5:** Please produce a copy of the Plaintiff's statement.

**REQUEST NO. 6:** Please produce color copies of any photographs, motion pictures, video recordings, tape recordings, and any other similar documents or things depicting the scene of the incident or any object or person involved in the incident.

**REQUEST NO. 7:** Please produce any incident reports or complaints concerning any other falls by any other person in the area where Plaintiff fell that occurred in the five (5) years preceding the filing of Plaintiff's Complaint.

Respectfully Submitted,

**THE LAW OFFICES OF JOHN MICHAEL BAILEY**

Mark A. Lambert (TN 22509)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

*SERVED WITH COMPLAINT*

11

**FILED**

AUG 0 3 2020

CIRCUIT COURT CLERK
D.C.

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WANDA MORRIS,
      Plaintiff,

                                      DOCKET NO.: *CF3101-20*
                                      DIVISION: *II*
v.                                      JURY DEMANDED

TARGET CORPORATION,

      Defendant.

---

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
### PROPOUNDED TO DEFENDANT, TARGET CORPORATION

---

      **COMES NOW**, Plaintiff, Wanda Morris (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Request for Admissions to the Defendant, Target (hereafter "Defendant") to be answered fully under oath, and within the time frame prescribed by law.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Please admit that Defendant owns the premises.

**REQUEST NO. 2:** Please admit that the Defendant operates the premises as a business.

**REQUEST NO. 3:** Please admit that the purpose of the business is a restaurant.

**REQUEST NO. 4:** Please admit that there was a slippery substance on the floor where Plaintiff fell.

**REQUEST NO. 5:** Please admit that there are policies in place regarding inspection of the property.

**REQUEST NO. 6:** Please admit that there are policies in place regarding locating dangerous conditions and correcting the issues.

**REQUEST NO. 7:** Please admit that these policies were in effect on August 3, 2019.

**REQUEST NO. 8:** Please admit that the Plaintiff was on the premises on August 3, 2019.

**REQUEST NO. 9:** Please admit that the Plaintiff was on the premises as a business invitee.

**REQUEST NO. 10:** Please admit that the Plaintiff fell on August 3, 2019 on the Defendant's property.

**REQUEST NO. 11:** Please admit that the Plaintiff complained of pain and injury at the scene.

**REQUEST NO. 12:** Please admit that management was notified of the incident.

**REQUEST NO. 13:** Please admit that management made a report.

**REQUEST NO. 14:** Please admit that management conducted an investigation.

**REQUEST NO. 15:** Please admit that management prepared a written report of the investigation.

**REQUEST NO. 16:** Please admit that management retains said written report.

**REQUEST NO. 17:** Please admit/deny that Cajun Catfish Company Collierville, LLC is the proper party or is a proper party to this suit.

**REQUEST NO. 18:** Please admit/deny that service of process is proper.

**REQUEST NO. 19:** Please admit/deny that service is within one year of the date of the injury complained of herein.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Mark A. Lambert (TN 22501)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

*SERVED WITH COMPLAINT*

2

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**WANDA MORRIS,**
    **Plaintiff,**

FILED

AUG 0 3 2020

CIRCUIT COURT CLERK
BY_____ D.C.

**v.**

**TARGET CORPORATION,**

    **Defendant.**

**DOCKET NO.:** _CT-3101-20_
**DIVISION:** ___II___
**JURY DEMANDED**

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
## PROPOUNDED TO DEFENDANT, TARGET CORPORATION

COMES NOW, Plaintiff, Wanda Morris (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Request for Admissions to the Defendant, Target (hereafter "Defendant") to be answered fully under oath, and within the time frame prescribed by law.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Please admit that Defendant owns the premises.

**REQUEST NO. 2:** Please admit that the Defendant operates the premises as a business.

**REQUEST NO. 3:** Please admit that the purpose of the business is a restaurant.

**REQUEST NO. 4:** Please admit that there was a slippery substance on the floor where Plaintiff fell.

**REQUEST NO. 5:** Please admit that there are policies in place regarding inspection of the property.

**REQUEST NO. 6:** Please admit that there are policies in place regarding locating dangerous conditions and correcting the issues.

**REQUEST NO. 7:** Please admit that these policies were in effect on August 3, 2019.

**REQUEST NO. 8:** Please admit that the Plaintiff was on the premises on August 3, 2019.

**REQUEST NO. 9:** Please admit that the Plaintiff was on the premises as a business invitee.

**REQUEST NO. 10:** Please admit that the Plaintiff fell on August 3, 2019 on the Defendant's property.

**REQUEST NO. 11:** Please admit that the Plaintiff complained of pain and injury at the scene.

**REQUEST NO. 12:** Please admit that management was notified of the incident.

**REQUEST NO. 13:** Please admit that management made a report.

**REQUEST NO. 14:** Please admit that management conducted an investigation.

**REQUEST NO. 15:** Please admit that management prepared a written report of the investigation.

**REQUEST NO. 16:** Please admit that management retains said written report.

**REQUEST NO. 17:** Please admit/deny that Cajun Catfish Company Collierville, LLC is the proper party or is a proper party to this suit.

**REQUEST NO. 18:** Please admit/deny that service of process is proper.

**REQUEST NO. 19:** Please admit/deny that service is within one year of the date of the injury complained of herein.

Respectfully Submitted,


**JOHN MICHAEL BAILEY INJURY LAWYERS**


Mark A. Lambert (TN 22501)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*


*SERVED WITH COMPLAINT*


2